JOHN W. HOFFMAN, PLAINTIFF, v. WILLIAM H. DOWNS, DEFENDANT.

Submitted May term, 1930—Decided January 22, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff, *King & Vogt* (*Harold A. Price,* on the brief).

For the defendant, *Elmer W. Romine.*

PER CURIAM.

The matter comes before us on the defendant's rule to show cause why the verdict rendered in the Morris Circuit should not be set aside and a new trial granted. The points argued on the brief are—first, that the verdict was contrary to the weight of evidence, and second, that the court committed error in its charge to the jury.

The action was for commissions alleged by the plaintiff to be due him under a written contract with the defendant for the plaintiff's services in negotiating an agreement of lease between the defendant and a tenant. The written agreement sued upon was proved. It required the defendant to pay to the plaintiff the sum of $1,650 in ten annual installments, with the provision that if any of the payments should become due and remain unpaid for a period of thirty days, the total of the unpaid balances would immediately become due and payable. It was further proved that one of the stipulated payments was not paid on the due date and remained unpaid for more than thirty days. The amount of the verdict is in accordance with the unpaid installments. There obviously was adequate evidence to sustain the verdict. It is in evidence that the tenant during the term of the lease became insolvent and defaulted in the rent. Defendant testifies that two days after the making of the written contract he had thought the matter over and said to the plaintiff: "How about if these people should fail to continue to pay their rent or not furnish the coal for heat. \* \* \* Am I supposed to pay you the full rental in case of that happening?" And that the defendant replied: "Well, he says, no not in that case." Even if this testimony had remained uncontradicted it would be of questionable legal force inasmuch as no consideration was shown (*Titus, &c.,* v. *Cairo, 37 N. J. L. 98*); but the plaintiff categorically denied that

testimony, and the matter at the very least became one for the jury to dispose of. The written agreement between plaintiff and defendant was not, by its terms, contingent upon the compliance by the tenant with the obligations of the latter's lease.

We have also examined the judge's charge in the light of the exceptions and the reasons for the exceptions stated at the time of the taking thereof. We find no harmful error therein.

The rule will be dismissed, with costs.